JOHN GREENOP v. STEPHEN S. WILCOX AND WILLIAM J. HYATT.

*Land contract—Forfeiture—Rights of co-vendee—Ejectment.*

1. One of two vendees in a land contract cannot obtain the legal title to the premises, and cut off the rights of his co-vendee, who is in actual possession under the contract, without notice, or taking some steps to forfeit the contract.

2. A land contract provided that, upon the failure of the vendees to make the specified payments, the premises should revert to the vendors, who might peaceably re-enter and take possession, or, at their election, enforce payment of the money due and make conveyance. One of the vendees assigned his interest in the contract, and the assignee at once informed the agent of the vendors that he was ready to pay his portion of the balance due at any time, and was informed that his interests

85 MICH—4.

would not be prejudiced without notice; which notice is held a condition precedent to a forfeiture of the assignee's rights, and to an action of ejectment by the vendors, or by the other vendee, to whom they had conveyed the premises.

Error to Mecosta. (Palmer, J.) Argued February 6, 1891. Decided February 27, 1891.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Dumon & Cogger,* for appellant.

*F. A. Mann,* for defendants.

GRANT, J. This was an action of ejectment, tried before the court without a jury. The facts found are substantially these:

On January 16, 1883, the title to the premises involved was in the executors of the estate of George B. Warren, deceased. Under the authority conferred on them by his will they executed to the plaintiff and one Robert A. Lavery a contract for the purchase of the said premises. Part was paid down, and the balance was to be paid in five years. The vendees were empowered to, and did, take possession of the premises; but it was provided that, if there should be default on their part, the first parties, their representatives and assigns, might re-enter and take possession. Lavery duly assigned his interest to the defendant Wilcox, who leased the property to defendant Hyatt, who was in possession under this lease when the suit was brought. Hyatt was made defendant solely because he was found in occupation. Neither Lavery nor Wilcox had made any further payments upon the contract. Wilcox, at the time of receiving the assignment, called upon the agent of the estate, and stated that he was ready to pay his portion of the balance at any time it

should be called for. The agent replied that that would be all right, and his interest would not be prejudiced without notice. On June 17, 1889, plaintiff obtained from the executors a deed of the premises, he being the sole grantee. At the time suit was commenced no demand had been made upon Wilcox for the balance due upon the contract, nor had any notice been given to him or to said Hyatt to surrender possession of said premises after said Greenop had obtained his deed; nor did Wilcox have any actual notice or knowledge of the existence of such deed. Prior to plaintiff's obtaining his deed he saw Hyatt, and informed him that he was the owner of the premises, and requested him to vacate, which he declined to do.

Judgment was rendered for the defendants, and plaintiff appeals.

1. There is nothing in the record to show the circumstances under which plaintiff obtained his deed. We must therefore assume that he obtained it under the contract by paying the amount that was due. He cannot be permitted to obtain a legal title in such manner and oust his co-vendee, who is an actual possession under the contract. He should at least have called upon Wilcox for his share of the purchase price. Plaintiff could not oust him nor cut off his rights in the premises without notice, or taking some steps to forfeit the contract, nor by this means force him into a court of equity to first establish his title.

2. The contract provided that, upon the failure of the vendees to make payments and fulfill the conditions, the premises should revert to the executors, and that they might thereupon peaceably re-enter upon and take possession of the same; or, if they should so elect, they might enforce the payment in law of the money due, and make the conveyance. Under this provision, and under the

agreement made with the agent of the executors, they could not cut off Wilcox's rights without notice to him and demand of payment. The record is entirely silent as to any facts which would work a forfeiture of the contract. The agent of the executors had agreed to extend the time of payment. If the executors could not maintain the action, neither can the plaintiff, who, under the circumstances, is possessed of no greater rights than they had.

Judgment affirmed.

CHAMPLIN, C. J., MORSE and McGRATH, JJ., concurred. LONG, J., did not sit.